**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| NICOLIAS REED, | ) |
| | ) Cause No. 1:25-cv-01538 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OFFICER SHANE BRIGGS, | ) |
| | ) |
| Defendant. | ) |

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

**COMES NOW**, Plaintiff Nicolias Reed, by counsel, Andrea L. Ciobanu of CIOBANU LAW, P.C., complaining of Defendant Officer Shane Briggs and states to this Court as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this action under 28. U.S.C. § 1331 and by 42 U.S.C. § 1983.

2. Venue is proper under 28 U.S.C. § 1391 in that the claim alleged herein arose in Madison County, Indiana within the Southern District of Indiana.

**THE PARTIES**

3. Plaintiff Nicolias Reed (hereinafter "Plaintiff") is an individual and currently resides in Madison County, Indiana.

4. Defendant Officer Shane Briggs (hereinafter "Officer Briggs") was employed by the Town of Pendleton, Indiana (hereinafter "Pendleton") as a police officer with the Pendleton Police Department (hereinafter "PPD").

**FACTUAL ALLEGATIONS**

5. Pendleton is a municipal government entity located in Madison County, Indiana which operates and maintains the PPD.

6. At all relevant times, Officer Briggs was acting within the scope of his employment with Pendleton as a police officer with the PPD.

7. During the early morning of November 16, 2024, Plaintiff got off work from his job at the Tractor Supply Distribution Center in Pendleton.

8. Starting on November 13, 2024, Falls Park had lights and decorations for the holiday season.

9. After getting off work, Plaintiff decided to drive through Falls Park to look at the lights and decorations.

10. At all relevant times, Plaintiff was completely sober.

11. While Plaintiff was driving through the park, Officer Briggs initiated a traffic stop of Plaintiff.

12. During the stop, Officer Briggs administered Plaintiff a swab test for intoxication.

13. Upon information and belief, the swab test did not yield positive results for THC, marijuana, or any other drug or intoxicant.

14. Despite the negative test, Officer Briggs reported to Plaintiff that the test had come back positive for THC or marijuana.

15. Officer Briggs then arrested Plaintiff for driving under the influence.

16. Plaintiff is allergic to metal and represented this to Officer Briggs during the arrest; however, Officer Briggs disregarding Plaintiff's statements and placed him in handcuffs anyways, which resulted in Plaintiff experiencing a negative skin reaction.

17. Plaintiff's vehicle was also impounded during Plaintiff's arrest.

18. Officer Briggs then transported Plaintiff to the Madison County Jail, where Plaintiff was held for sixteen hours without being given the opportunity to make his free phone call.

19. Plaintiff was never fed at the Madison County Jail, which resulted in him becoming hypoglycemic.

20. After arresting Plaintiff, Officer Briggs knowingly drafted, signed, executed, and submitted a Probable Cause Affidavit which falsely stated that Plaintiff had tested positive for THC or marijuana and had been operating his motor vehicle while under the influence.

21. As a result of Officer Briggs' false Probable Cause Affidavit, criminal charges were issued against Plaintiff in the Madison Circuit Court.

22. After his arrest, Plaintiff submitted to a formal drug test, which revealed negative results for THC, marijuana, and all other intoxicants.

23. On February 25, 2025, the criminal charges against Plaintiff were dismissed because there was no evidence that detected that Plaintiff had been intoxicated.

24. There were never any facts or circumstances that would have led Officer Briggs to reasonably believe that Plaintiff was driving under the influence or had committed any other criminal offense.

25. Officer Briggs never had probable cause to believe that Plaintiff had been driving under the influence or had committed any other criminal offense.

26. Plaintiff never consented to Officer Briggs' unlawful restraint upon his freedom of movement and deprivation of his liberty.

27. Plaintiff was held in custody at the Madison County Jail, suffered physical injuries, lost his driver's license, and lost his job because of Officer Briggs' wrongful arrest and seizure.

28. Due to Defendants' intentional acts and omissions, Plaintiff suffered economic and non-economic damages, including but not limited to physical injuries, emotional distress, lost income, and impound fees.

### COUNT I: FOURTH AMENDMENT –UNLAWFUL SEIZURE

### (Officer Briggs in his individual capacity)

29. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

30. The Fourth Amendment provides that people shall be secure in their persons against unreasonable searches and seizures.

31. At all relevant times, Officer Briggs was acting within the scope of his employment with Pendleton as a police officer, while on duty, and under color of law.

32. Officer Briggs had no probable cause to seize Plaintiff.

33. Officer Briggs had no probable cause for Plaintiff's arrest.

34. There were no facts or circumstances which would have given Officer Briggs reasonable suspicion that Plaintiff had broken any laws.

35. Officer Briggs' actions and omissions in unlawfully seizing Plaintiff, placing him under arrest, and imprisoning him at the Madison County Jail without probable cause constituted a violation and deprivation of Plaintiff's rights under the Fourth Amendment.

36. Officer Briggs knew, or should have known, that his acts and/or omissions would likely result in a violation of the Fourth Amendment rights of innocent persons.

4

37. Officer Briggs' actions and omissions caused Plaintiff to suffer economic and non-economic damages.

## COUNT II: MAKING FALSE OR MISLEADING STATEMENTS IN SUPPORT OF A PROBABLE CAUSE AFFIDAVIT PURSUANT TO SECTION 1983

### (Officer Briggs in his individual capacity)

38. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

39. Officer Briggs did not have probable cause to seize Plaintiff.

40. Officer Briggs did not have probable cause to arrest Plaintiff.

41. Upon information and belief, Officer Briggs knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created falsehoods in his probable cause affidavit executed on or around November 16, 2024.

42. Upon information and belief, Officer Briggs intentionally made specific false statements and omissions in his probable cause affidavit regarding the reason for stopping and arresting Plaintiff.

43. In his Probable Cause Affidavit, Officer Briggs falsely states that Plaintiff had tested positive for THC or marijuana during a swab test.

44. No corrected affidavit would have shown that there was probable cause for Officer Briggs to seize and arrest Plaintiff.

### PRAYER FOR RELIEF

Plaintiff prays that a judgement be entered on his behalf and against Officer Briggs on all Counts of this Complaint.

**RESERVATION OF RIGHTS**

Plaintiff reserves the right to proceed with any and all claims which the facts averred in this complaint support, pursuant to the notice pleading requirement of F.R.C.P. 8.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor on all counts of his Complaint, award his compensatory damages and punitive damages as well as litigation costs, and grant his such other and further relief as this Court deems just under the circumstances, including, but not limited to, a public apology, attorney's fees, and pre and post-judgment interest.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Date: August 1, 2025

Respectfully submitted,

s/ Andrea L. Ciobanu
Andrea L. Ciobanu, #28942-49
CIOBANU LAW, P.C.
902 E. 66th Street
Indianapolis, IN 46220
Phone: (317) 495-1090
Fax: (866) 841-2071
Email: aciobanu@ciobanulaw.com

6